## Wendling et al. v. Kalfrat et al.

(Decided February 11, 1930.)

HOWARD M. BENTON and CHARLES E. LESTER, JR., for appellants.

GEORGE J. HEROLD for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellants and appellees owned adjoining property in the city of Newport. Appellants' house is built very close to the line between them. Appellees' house is set seven or eight feet back of the line, and they enter the house on this side. Appellants' house consists of 14 rooms, most of which they rent out to roomers. Appellees live in their house with their family, and erected on

their side of the line some metal screens. Appellants brought this action against appellees to remove the screens on the ground that they were in violation of the act of 1926, which is, so far as material, in these words (Acts 1926, p. 177):

"A spite fence is hereby defined to be a fence, whether a division fence or otherwise, and over five feet in height, erected maliciously by an owner or lessee and intended to injure, spite, or annoy an adjoining owner.

"§ 2. Any person who erects, or maintains such a fence shall be guilty of a misdemeanor and shall upon conviction be fined not less than five dollars nor more than ten dollars for such offense and for each day the said fence is maintained it shall constitute a separate offense.

"§ 3. A court of equity may enjoin or restrain the erection or maintenance of such fence."

Appellees by their answer denied that the screens, or fences, as they are designated by appellants, were erected maliciously or intended to injure, spite, or annoy appellants. The case was heard before a jury who found for appellees, and, their petition having been dismissed, the plaintiffs appeal.

While there was a conflict of evidence, the evidence for the appellees showed that the windows of appellants' house looked into the windows of their house, and that the roomers in appellants' house undressed at the windows and went through performances that any one could see from their house through the windows, and so acted as to destroy the privacy of their home, and subject them to great annoyance. They also threw out of the windows, and on the premises of appellees, potatoes, onions, tomatoes, grocery papers, old shoes, strawberry boxes, sardine cans, cigar stumps, cigarette butts, dirty rags, papers, etc. If the evidence for the appellees was true, the screens were not put up for spite, but to protect appellees in the reasonable use of their property. The finding of the jury that they acted in good faith and not in spite can not be disturbed here on the evidence.

The instructions which the court gave the jury were those asked by appellants, except one, which in no wise conflicted with the others or was improper in any respect. The verdict of the jury is not palpably against the evi-

dence and cannot be disturbed. A "spite fence," as defined by the statute, is one "erected maliciously . . . and intended to injure, spite, or annoy an adjoining owner." The statute does not include a metal shield erected in good faith and upon reasonable grounds to protect the privacy of the owner's home.

Judgment affirmed.